ROBERT LUBETS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6407.  Promulgated October 22, 1945.

*Claude B. Cross, Esq.*, for the petitioner.

*Joseph D. Donohue, Esq.*, and *Charles P. Reilly, Esq.*, for the respondent.

956

960

OPINION.

BLACK, *Judge*: The question at issue is whether petitioner or his wife is taxable on one-half of the net profits arising from the liquidation of the tax business of Lubets & Lubets for the period from April 30 to December 31, 1941. The other one-half belonged to Moses Lubets and is not here involved. The parties are in agreement as to the amount of the one-half of the net profits here in question, namely, $18,764.90. Of this amount petitioner concedes that $4,536.90 is taxable to him, which leaves in issue the amount of $14,228. Although the contested adjustment is in the amount of $19,064.90, the additional $300 over the $18,764.90 is not in reality at issue, as is indicated by the explanation contained in the statement attached to the deficiency notice which is set out in the findings.

Petitioner, in contending that he is not taxable on the net profits of $14,228, argues that the deed of gift which he executed on April 30, 1941, was a valid gift of his entire interest in the winding up of the tax end of the partnership between himself and his brother; that the said gift completely terminated that partnership, which had been dissolved on April 1, 1941, but was still in the winding up stage; that thereafter the liquidation of the tax end of the original partnership of Lubets & Lubets was conducted as a new partnership between his wife and his brother; and that, therefore, one-half of the profits of the alleged new partnership were properly taxable to his wife.

The respondent's position is that, although there was an agreement to dissolve the partnership dated April 1, 1941, the partnership was not terminated at any time during 1941, and under sections 181 and 182 of the Internal Revenue Code[3] petitioner's distributive share of the partnership income is taxable to him. The respondent further contends that the income of the partnership in dissolution was derived solely from personal services and that the alleged "Deed of Gift" was simply an anticipatory assignment of petitioner's income.

We think that the respondent's determination must be sustained. Chapter 108A of the Annotated Laws of Massachusetts provides with

---

[3] SEC. 181. PARTNERSHIP NOT TAXABLE.

Individuals carrying on business in partnership shall be liable for income tax only in their individual capacity.

SEC. 182. TAX OF PARTNERS.

In computing the net income of each partner, he shall include, whether or not distribution is made to him—

* * * * * * *

(c) His distributive share of the ordinary net income or the ordinary net loss of the partnership, computed as provided in section 183 (b).

respect to the dissolution and winding up of partnerships, in part, as follows:

§ 29. *Dissolution and Winding Up, Terms Distinguished.*—The dissolution of a partnership is the change in the relation of the partners caused by any partner ceasing to be associated in the carrying on as distinguished from the winding up of the business.

§ 30. *Termination, When Effected.*—On dissolution the partnership is not terminated, but continues until the winding up of partnership affairs is completed.

Both petitioner and the respondent agree that the firm of Lubets & Lubets was dissolved by the dissolution agreement of the partners on April 1, 1941. They disagree as to when the partnership was terminated. As previously indicated, petitioner contends it was terminated by his execution of the deed of gift; whereas the respondent contends that the winding up of the affairs of the partnership of petitioner and his brother Moses continued on past the end of the taxable year 1941. We do not agree with petitioner that the partnership of Lubets & Lubets was terminated by his execution of the deed of gift. The affairs of the partnership had not yet been completely wound up. There were still approximately 125 tax cases to be disposed of, in which petitioner and his brother by their agreement retained "equal interests." This agreement between petitioner and his brother remained in full force and effect throughout the remainder of the taxable year in question. We do not think petitioner could terminate that agreement simply by making a gift of his interests therein to his wife. The gift, although effective as between the parties as an assignment of income, could not, in our opinion, effect a "winding up of partnership affairs." Both petitioner and his brother had definite rights and obligations under their agreement. It would seem that before petitioner could contend that there was a termination of the partnership on April 30, 1941, it would be necessary that he submit proof that Moses Lubets accepted Lillian Lubets in substitution for petitioner, particularly in view of the provisions in clause III of their agreement, to the effect that "All real estate tax matters * * * shall be liquidated by both Moses Lubets and Robert Lubets as liquidating trustees, the consent of both being required on any matter" and that "The failure of either liquidating trustee to give his prior consent or to object to any action taken by the other liquidating trustee in the course of such liquidation shall not be deemed to be a waiver of his right thereafter to object." Without such proof we can not find that Lillian Lubets and Moses Lubets formed a new partnership. One of the fundamental requirements of a partnership is consent of the parties, which is totally lacking in the instant proceeding. Furthermore, the evidence shows that Lillian Lubets performed no services whatever in connection with the winding up of the tax business in question and put in no capital of

her own except that which she received from petitioner and which petitioner under clause III E of the dissolution agreement was required to leave in the business while it was being wound up.

We think the case of *Burnet* v. *Leininger*, 285 U. S. 136, is similar in some respects to the instant case. In that case the taxpayer was a member of a partnership known as the Eagle Laundry Co. He assigned one-half of his partnership interest to his wife. The Supreme Court, after quoting sections of the Revenue Acts of 1918 and 1921 (which are substantially the same as those of the present code), stated:

* * * Upon these findings * * * it cannot be maintained that the agreement between the respondent and his wife made her a member of the partnership. That result could not be achieved without the consent of the other partner or partners, and there is no finding of such consent. The mere communication of the fact that the agreement had been made was not enough. * * * His wife took no part in the management of the business and made no contribution to its capital. * * * Upon the facts as found, the agreement with Mrs. Leininger cannot be taken to have amounted to more than an equitable assignment of one-half of what her husband should receive from the partnership. * * *

Petitioner contends that the *Leininger* case is distinguishable from the instant proceeding for several reasons. His first reason is "that there is no evidence that Moses Lubets did not consent to the substitution of Lillian Lubets in place of Robert Lubets." Neither is there any evidence that he did so consent. His second reason is "that the evidence clearly shows that Robert Lubets exercised no further control over the business and took no further part in the management thereof." Under the dissolution agreement petitioner had certain rights and obligations which were not erased by executing the deed of gift. Although petitioner may have taken no active part in the winding up of the tax business of the partnership, nevertheless, he continued to have certain rights and obligations in connection therewith which would not relieve him from reporting the share of the profits due him under the agreement. Petitioner's remaining reasons for distinguishing the *Leininger* case from the instant case are:

* * * that the capital account was transferred on the books of the partnership to Lillian Lubets; that Lillian Lubets exercised complete control over this account; that Robert Lubets received none of the income in question; that the capital account of Robert Lubets was closed out. It is further submitted that the drawings by Lillian Lubets set forth on Page 8 of this Brief clearly establishes knowledge and consent of Moses Lubets to the acceptance of Lillian Lubets as his partner.

We do not regard these distinctions as controlling in view of the specific agreement between petitioner and his brother as to how the tax business of the partnership was to be wound up.

Petitioner's briefs contain considerable argument in an attempt to bring the instant case within the rule of *Blair* v. *Commissioner*, 300

U. S. 5, and other similar cases holding that, if the gift is of income-producing property, then the income from such property is taxable to the donee. In *Harrison* v. *Schaffner*, 312 U. S. 579, the Supreme Court concluded as follows:

\* \* \* we leave it to future judicial decisions to determine precisely where the line shall be drawn between gifts of income-producing property and gifts of income from property of which the donor remains the owner, for all substantial and practical purposes. Cf. *Helvering* v. *Clifford*, *supra*.

In the instant proceeding the principal subject matter of the gift was petitioner's interest in the outcome of the tax cases that were pending at the time of the dissolution agreement and were still pending on April 30, 1941, the date of the deed of gift. These cases were all taken on a contingent fee basis. Only if the partnership was successful in getting the tax assessment reduced would there be a fee. Petitioner had a one-half interest in such fee after all expenses were paid. Under the dissolution agreement with his brother, petitioner had certain rights and obligations, and for his services he was to be paid a weekly salary of $25 and his expenses. Under such circumstances we think the gift which petitioner made to his wife was one of "income from property of which the donor remains the owner, for all substantial and practical purposes." *Harrison* v. *Schaffner*, *supra*. We sustain the respondent's determination. *Burnet* v. *Leininger*, *supra*. Cf. *Lucas* v. *Earl*, 281 U. S. 111; *Helvering* v. *Horst*, 311 U. S. 112; *Helvering* v. *Eubank*, 311 U. S. 122; and *Richard S. Doyle*, 3 T. C. 1092; affd., 147 Fed. (2d) 769.

*Decision will be entered for the respondent.*